Mia Farber (State Bar No. 131467)
David T. Wang (State Bar No. 275015)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: FarberM@jacksonlewis.com
E-mail: david.wang@jacksonlewis.com

Attorneys for Defendant
RECREATIONAL EQUIPMENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON MACIAS, JUSTIN QUAN, individually as aggrieved employees and private attorneys general, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RECREATIONAL EQUIPMENT, INC., a Washington corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441 (a) and (b) (DIVERSITY)**<br><br>(Filed concurrently with Notice of Filing of Answer in State Court; Notice to Adverse Parties; Declarations of Catherine Walker, Mikel Hulser, and Mia Farber; Certificate of Interested Entities and Civil Cover Sheet)<br><br>Complaint Filed: 11/21/2013<br>Trial Date: None set |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant RECREATIONAL EQUIPMENT, INC. ("Defendant" or "REI") hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446, and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Santa Clara otherwise referred to as ("State Superior Court").

1. On November 21, 2013, Plaintiffs ALISON MACIAS and JUSTIN QUAN

1. ("Plaintiffs") filed a civil complaint against REI and Julie Harris, in the Superior Court of the State of California in and for the County of Santa Clara captioned <u>Alison Macias, Justin Quan, et al. v. Recreational Equipment, Inc., et al</u>, Case No.: 113CV256526.  The complaint sets forth the following eleven (11) causes of action:  (1) Violation of California Labor Code ("CLC") §§ 510 and 1198 (Unpaid Overtime); (2) Violation of CLC §§ 1194, 1197 and 1197.1 (Unpaid Minimum Wages); (3) Violation of CLC §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (4) Violation of CLC § 226.7 (Unpaid Rest Period Premiums); (5) Violation of CLC § 226(a) (Non-Compliant Wage Statements); (6) Violation of CLC §§ 201 and 202 (Wages Not Timely Paid Upon Termination); (7) Violation of CLC § 204 (Wages Not Timely Paid During Employment); (8) Violation of CLC § 2802 (Unpaid Business-Related Expenses); (9) Violation of CLC § 227.3 (Unpaid Vested Vacation Wages); (10) Violation of CLC §§ 2698, *et seq.* ("PAGA"); and (11) Violation of California Business & Professions Code §§ 17200, *et seq*.  Plaintiffs assert these claims on behalf of themselves and similarly situated current and former employees.

2. Before serving the summons and complaint on Defendants, Plaintiffs filed a first amended complaint ("FAC") on December 12, 2013.  Plaintiffs deleted Ms. Harris as a defendant from the FAC, leaving only Defendant REI.

3. On December 20, 2013, Plaintiffs served on Defendant REI's agent for service of process the FAC and related court documents.  Defendant first received the FAC on December 23, 2013.  A copy of the FAC and related court documents received by Defendant is attached as **Exhibit "A."**

4. On January 15, 2014, Defendant filed and served its Answer to the FAC in the Santa Clara County Superior Court.  A true and correct copy of Defendant's Answer is attached as **Exhibit "B."**

## TIMELINESS OF REMOVAL

5. This Notice of Removal has been filed within thirty (30) days from when Defendant was served a copy of Plaintiffs' Summons and FAC.  This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

6. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a

copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiffs' counsel and filed with the Clerk of the Santa Clara County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

### JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

7. Pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. section 1332(d)(2) has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

8. In addition, CAFA provides for jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

9. As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d), in that it is a civil action filed as a class action involving more than 100 members, and based on the allegations set forth in the Complaint by Plaintiffs, the matter in controversy exceeds the sum of $5,000,000 (*see infra*), exclusive of interest and costs, and Plaintiffs are citizens of a state different from Defendant. Further, Defendant is not a State, State official, or other governmental entity. (Declaration of Catherine Walker ("Walker Decl.") ¶ 5.)

### DIVERSITY JURISDICTION

### REMOVAL BASED ON DIVERSITY AND CLASS ACTION FAIRNESS ACT OF 2005
### (28 U.S.C. sections 1332(a) and (d))

10. CAFA's diversity requirement is satisfied when 1) any member of a class of plaintiffs is a citizen of a state different from **any** defendant; 2) when at least one member of a class of plaintiffs is a citizen of a foreign state and one defendant is a U.S. citizen; or 3) when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2) [emphasis added].

11. Citizenship of the parties in this matter is determined by their citizenship status at

1   the lawsuit's commencement. See Mann v. City of Tucson (9th Cir. 1986) 782 F.2d 790.

2       12.     Plaintiffs allege in the FAC they are each residents of the State of California. (**Exhibit A**, FAC at ¶¶ 10-11.) Further, Defendant is informed and believes Plaintiffs are each residents and citizens of the State of California. (Declaration of Mikel Hulser ("Hulser Decl."), ¶ 3.)

3       13.     A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

4       14.     Defendant, both at the time this action was commenced and the time it was removed to federal court, is a citizen of the State of Washington within the meaning of Section 1332(c)(1). Defendant was at all times a nonprofit miscellaneous (cooperative) corporation formed under the laws of the State of Washington, with its principal place of business and corporate headquarters located in Kent, Washington. Indeed, all of REI's high-level corporate officers are located at its headquarters in Kent, Washington. Thus, all of REI's primary, executive, administrative, financial, policymaking, and management functions are performed in the State of Washington. (Walker Decl. ¶ 3).

5       15.     In addition, Defendant REI's Board of Directors typically meets at REI's headquarters in Kent, Washington. The Hertz Corporation v Friend (2010) 130 S.Ct. 1181, 1192. (Walker Decl. ¶ 4).

6       16.     Applying the "nerve center" test, Washington is thus the state where REI's primary executive, administrative, financial and management functions are conducted and where the high level officers direct, control, and coordinate the corporation's activities. Accordingly, the State of Washington is the principle place of business for Defendant REI.

7       17.     The presence of Doe defendants has no bearing on diversity with respect to removal. See 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants sued under fictitious names shall be disregarded.")

### AMOUNT IN CONTROVERSY

8       18.     CAFA, 28 U.S.C. Section 1332(d) authorizes the removal of class action cases in which, among other factors mentioned above, the amount in controversy for all class members

1  exceeds $5,000,000, exclusive of interest and costs.

2      19.    Despite Plaintiffs' attempt to circumvent removal by unilaterally alleging the recovery of the putative class is less than five million dollars but at the same time reserving the right to seek a different amount in this action (FAC at ¶ 1 in the Prayer for Relief), Defendant can nevertheless remove the case to federal court because it can demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum. See Standard Fire Insurance Co. v. Knowles, 2013 U.S. LEXIS 2370, 133 S.Ct. 1345, 1347 (2013) (Plaintiff in putative class action lacked the authority to concede the amount in controversy for absent class members); Rodriguez v. AT&T Mobility Services LLC 728 F.3d 975, 981 (9th Cir. 2013) (over-ruling prior Ninth Circuit case law to hold the burden of proof for a defendant to establish the amount-in-controversy is the preponderance of the evidence standard and not the "legal certainty" standard).

    20.    When measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. Fong v. Regis Corp., 2014 U.S. Dist. LEXIS 275, *5 (N.D. Cal. 2014) citing Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The amount in controversy may also include general and special compensatory damages and attorney's fees which are recoverable by statute. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-1156 (9th Cir. 1998); see also Goldberg v. CPC Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir. 1982) ("attorney's fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant."). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. Cohn v. Petsmart, Inc. (9th Cir. 2002) 281 F.3d 837, 843, n.1.

    21.    As explained below, the amount in controversy in this action exceeds $5,000,000,[1] exclusive of attorney's fees, interest, and costs.

---

[1] Defendant denies the validity and merit of all of Plaintiffs' claims, including the amount claimed, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them, and uses Plaintiffs' alleged theories of recovery of penalties only to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.

22. The FAC is pleaded as a putative class action by which Plaintiffs seek to represent a class defined as: "all individuals who worked for Defendant in a California 'REI' store in a non-exempt, hourly-paid position at any time during the period from four (4) years prior to the filing of this Complaint until the date of certification." ("Class Members") (FAC at ¶ 20.)

23. Plaintiffs also seek to represent a subclass of employees, defined as "all individuals who worked for Defendant in a California 'REI' store in a non-exempt, hourly-paid position at any time during the period from one (1) year prior to the filing of this Complaint until the date of certification." ("Subclass Members") (FAC at ¶ 21.)

24. <u>Alleged Meal Period Violations</u> - Plaintiffs seek one additional hour of pay for each Class Member for each workday during the period from four years prior to the filing of the original Complaint until the date of certification ("Class Period") that Defendant allegedly failed to provide them a required meal period under Cal. Labor Code § 226.7. (FAC at ¶¶ 70-79.)[2] There are 4,367 Class Members from November 21, 2009 to the present. (Hulser Decl. ¶ 4). It is appropriate to calculate the amount in controversy based on the average wage of all putative class members. <u>Helm v. Alderwoods Group, Inc.</u>, 2008 U.S. Dist. LEXIS 120110, *14 fn.3 (N.D. Cal. May 7, 2008). The average hourly wage of Class Members is $13.74. (Hulser Decl. ¶ 4) Defendant may assume Plaintiffs allege each Class Member failed to receive a required meal break on each day worked, given Plaintiffs allege all Class Members were injured by Defendant's common course of conduct, and because Defendant cannot be expected to conduct a fact-specific inquiry to determine a precise number of potential class members whose rights were violated. See <u>Helm</u>, 2008 U.S. Dist. LEXIS 120110 at *19 (to determine the amount in controversy, defendants are not required to conduct a fact-specific inquiry into whether the rights of each and every potential class member were violated because this is "the ultimate question the litigation

---

[2] As noted, Defendant's Removal is based on the allegations of the FAC. Defendant does not concede the four year statute of limitations applies to claims for failure to provide meal and rest breaks. However, applying the three year statute of limitations (<u>Murphy v. Kenneth Cole Productions, Inc.</u>, 40 Cal. 4th 1094 (2007); <u>Kirby v. Immoos Fire Protection, Inc.</u>, 53 Cal.4th 1244 (2012)), the amount in controversy for the alleged violations of Labor Code section 226.7 nevertheless exceeds the threshold amount of $5 million. For meal period penalties, the sum is **$5,042,525** ($13.74 x 1 hour x 34 weeks x 3 years x 3,598 Class Members); for rest period penalties the amount is **$5,042,525** ($13.74 x 1 hour x 34 weeks x 3 years x 3,598 Class Members). (See Hulser Decl. ¶ 6.)

presents, and defendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to the Court that a certain number of wage and hour violations did indeed occur."). For the purposes of this analysis, Defendant assumes Plaintiffs allege each Class Member missed only one meal break each week. During the four-year Class period, Class Members worked an average of 34 weeks per year. (See Hulser Decl. ¶ 8.) Therefore, the amount in controversy for this allegation is approximately **$8,160,351** ($13.74 x 1 hour x 34 weeks x 4 years x 4,367 Class Members).

25.  <u>Alleged Rest Break Violations</u> - Plaintiffs seek one additional hour of pay for each Class Member for each day of work during the Class Period that Defendant allegedly failed to provide them a required rest period under Cal. Labor Code § 226.7. (FAC at ¶¶ 80-87.) Assuming for purposes of this analysis only that each Class Member missed one rest break each week he or she worked, then the amount in controversy for this allegation is also approximately **$8,160,351** based on the same calculation in the previous paragraph regarding alleged missed meal periods.

26.  <u>Alleged Unpaid Overtime</u> – Plaintiffs seek unpaid overtime wages for each member of the Class for each work day and week during the Class Period that Defendant allegedly failed to pay them overtime for off-the-clock work. (FAC at ¶¶ 52-64.) Assuming for purposes of this analysis only that each Class Member worked one hour per week for which he or she did not receive overtime compensation, then the amount in controversy for this allegation is approximately **$12,240,526** ($13.74 x 1.5 x 1 hour x 34 weeks x 4 years x 4,367 Class Members). (Hulser Decl. ¶ 4).

27.  <u>Alleged Unpaid Minimum Wages</u> - Plaintiffs seek unpaid minimum wages for Class Members for each workday during the Class Period that Defendant allegedly failed to pay them minimum wages for off-the-clock work that did not qualify for overtime. (FAC at ¶¶ 65-69.) Assuming for purposes of this analysis only that each Class Member worked one hour per week for which he or she did not receive minimum wages, then at the very least the amount in controversy for this allegation is approximately **$4,751,296** ($8.00 x 1 hour x 34 weeks x 4 years x 4,367 Class Members). (Hulser Decl. ¶ 4.)

28. <u>Alleged Failure to Provide Accurate Itemized Wage Statements</u>. Plaintiffs seek penalties on behalf of Class Members for Defendant's alleged failure to provide accurate records of hours worked under Cal. Labor Code § 226(a). (FAC at ¶¶ 88-94.) This claim has a one-year statute of limitations. Cal. Code of Civ. Proc. § 340(a). Within the one-year period from November 21, 2012 to November 21, 2013, there are a total of 2,605 Class Members. (Hulser Decl., ¶ 5.) Assuming for purposes of this analysis only that Plaintiffs if successful would be entitled to the maximum aggregate penalty of $4,000 for each Class Member in this period, then the amount in controversy for this allegation is approximately **$10,420,000** ($4,000 x 2,605 Class Members).

29. <u>Alleged Waiting Time Penalties</u> - Plaintiffs seek penalties on behalf of former Class Members for failure to pay wages due promptly upon termination under Cal. Labor Code § 203. (FAC at ¶¶ 95-101.) This claim has a three-year statute of limitations. Cal. Code of Civ. Proc. § 203(b); <u>Pineda v. Bank of America, N.A.</u>, 50 Cal.4th 1389, 1398 (2010). Within the three-year period prior to the filing of the original Complaint, from November 21, 2010 to November 21, 2013, there are a total of 1,778 former nonexempt employees with an average hourly wage of $12.72. (Hulser Decl., ¶ 7.) The average shift length in hours for Class Members during this same three-year period is approximately six (6) hours per day. (Hulser Decl. ¶ 9.) Assuming for purposes of this analysis only that Plaintiffs if successful would be entitled to the maximum penalty of 30 days' wages for each former nonexempt employee, then the amount in controversy for this allegation is approximately **$4,070,909** ($12.72 x 6 hours x 30 days x 1,778 Class Members).

30. <u>Attorneys' Fees</u> – In addition, Plaintiffs seek an unspecified amount of attorneys' fees in connection with the FAC. (<u>See</u> **Exhibit A**, FAC Prayer for Relief at pp. 27-32.) In determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. §1332(a), a court may consider attorney's fees which are recoverable by statute. <u>Galt G/S v. JSS Scandinavia</u> (9th Cir. 1998) 142 F.3d 1150, 1155-1156. The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. See <u>e.g.</u>, <u>Simmons v. PCR Technology</u> (N.D. Cal. 2002) 209 F.Supp.2d 1029,

1035 (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

31.  Furthermore, such fees are calculable beyond the time of removal. Simmons, 209 F.Supp.2d at 1035. For purposes of this analysis only, the amount of attorneys' fees at issue in this matter could amount to 10% of the penalties set forth above. Therefore, the aggregate claimed penalties by Plaintiffs including attorneys' fees exceed the jurisdictional amount in controversy.

32.  Plaintiffs assert additional causes of action in the FAC, including claims for Wages Not Timely Paid During Employment, Unpaid Business-Related Expenses, Unpaid Vested Vacation Wages, Violation of PAGA, and Violation of California Unfair Competition Law. In total, Plaintiffs assert eleven causes of action against Defendant. Based on the foregoing, Defendant establishes by a preponderance of the evidence that the aggregate claimed penalties by Plaintiffs, including attorneys' fees and potential damages from Plaintiffs' additional causes of action, exceed the $5,000,000 amount in controversy threshold for removal under CAFA.

## NUMEROSITY

33.  CAFA also provides that the district courts shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

34.  Here, the putative class Plaintiffs seek to represent exceeds 100 members. (See Hulser Decl., at ¶ 4.) As such, this Court properly has jurisdiction over this matter, as the class proposed by Plaintiffs contains more than 100 members.

## VENUE IS PROPER

35.  This action was filed in the Superior Court of the State of California for the County of Santa Clara. Thus, venue properly lies in the United States District Court for the Northern District of California under 28 U.S.C. §§ 84(a), 1391(a) and 1441(a).

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of Santa Clara to this Court.

1 | Dated: January 17, 2014

JACKSON LEWIS P.C.

By: /s/ David T. Wang
Mia Farber
David T. Wang
Attorneys for Defendant
RECREATIONAL EQUIPMENT, INC.

4822-3197-4935, v. 2

---

10                                              USDC Case No.---------------
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT