# EXHIBIT A




**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

December 23, 2013

Recreational Equipment, Inc.
Ben Fite Paralegal
REI - Recreational Equipment, Inc.
6750 South 228th Street
KENT WA 98032

# SERVICE OF PROCESS NOTICE

The following is a summary of the enclosed legal document(s) that we received.

**Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.**

**Item:** 2013-137

| | | |
|---|---|---|
| 1. | **Client Entity:** | Recreational Equipment, Inc. |
| 2. | **Title of Action:** | Alison Macias Justin Quan, et al. vs. Recreational Equipment, Inc., et al. |
| 3. | **Document(s) Served:** | Summons<br>First Amended Class Action Complaint and Enforcement Action Under the Private Attorneys General Act, California Labor Code §§ 2698 ET SEQ. |
| 4. | **Court/Agency:** | Santa Clara County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 113CV256526 |
| 7. | **Case Type:** | Other Employment |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Friday 12/20/2013 |
| 10. | **Date to Client:** | Monday 12/23/2013 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>01/19/14<br>**CAUTION**: Client is solely responsible for reviewing service of process to verify accuracy of Answer Due Date. |
| 12. | **SOP Sender:**<br>**(Name, City and Phone Number)** | Capstone Law APC<br>Los Angeles, CA<br>(310) 556-4811 |
| 13. | **Shipped to Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)




**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
RECREATIONAL EQUIPMENT, INC., a Washington corporation; JULIE HARRIS, an individual; and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
ALISON MACIAS, JUSTIN QUAN, individually as aggrieved employees and private attorneys general, and on behalf of others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Santa Clara Superior Court
*(El nombre y dirección de la corte es):*
191 North First Street, San Jose, California 95113

CASE NUMBER: *(Número del Caso):* 113CV256526

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew T. Theriault (SBN 244037), Robert Friedl (SBN 134947), Katherine Kehr (SBN 226559), Jonathan Lee (SBN 267146)
Capstone Law APC, 1840 Century Park East, Suite 450, Los Angeles, California 90067

DATE: *(Fecha)* NOV 21 2013 DAVID H. YAMASAKI Clerk, by *(Secretario)* ____________, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: Recreational Equipment, Inc. , A Washington Corporation

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:

By Fax



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Courtesy Copy #20

ENDORSED FILED

2013 DEC 12 P 2:58

Matthew T. Theriault (SBN 244037)
Matthew.Theriault@Capstonelawyers.com
Robert Friedl (SBN 134947)
Robert.Friedl@capstonelawyers.com
Katherine Kehr (SBN 226559)
Katherine.Kehr@capstonelawyers.com
Jonathan Lee (SBN 267146)
Jonathan.Lee@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

Attorneys for Plaintiffs Alison Macias and Justin Quan

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

ALISON MACIAS, JUSTIN QUAN, individually as aggrieved employees and private attorneys general, and on behalf of others similarly situated,

Plaintiffs,

vs.

RECREATIONAL EQUIPMENT, INC., a Washington corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 113CV256526

**FIRST AMENDED CLASS ACTION COMPLAINT AND ENFORCEMENT ACTION UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 ET SEQ.**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(3) Violation of California Labor Code §§ 226.7 & 512(a) (Unpaid Meal Period Premiums);
(4) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(5) Violation of California Labor Code §226(a) (Non-Compliant Wage Statements);
(6) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);
(7) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);
(8) Violation of Labor Code § 2802 (Unpaid Business-Related Expenses);
(9) Violation of Labor Code § 227.3 (Unpaid Vested Vacation Wages)

By Fax



(10) Violation of Labor Code §§ 2698, *et seq.* ("PAGA"); and
(11) Violation of California Business & Professions Code §§ 17200, *et seq.*

**Jury Trial Demanded**

Plaintiffs Alison Macias and Justin Quan ("Plaintiffs"), individually as aggrieved employees and on behalf of all other members of the public similarly situated, allege as follows:

## INTRODUCTION

1. This class action and enforcement action is brought pursuant to California Code of Civil Procedure section 382 and the Labor Code Private Attorneys General Act of 2004, California Labor Code section 2698 et seq. ("PAGA").

2. Defendants operate a number of large retail stores across California specializing in outdoor equipment and supplies and employ various persons in non-exempt, hourly-paid positions.

3. As set forth more fully below, Defendants have violated various sections of the California Labor Code and applicable Industrial Welfare Commission Wage Order including, but not limited to, to overtime wages, minimum wages, meal breaks, rest breaks, etc.

## JURISDICTION AND VENUE

4. The wages, monetary damages, and other remedies sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

5. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10. The statutes under which this action is brought do not specify any other basis for jurisdiction.

6. This Court has jurisdiction over all Defendants because, upon information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

7. Venue is proper in this Court because Defendants employ persons in this county and employed Plaintiff Macias in this county, and thus a substantial portion of the transactions and occurrences related to this action occurred in this county.

8. California Labor Code sections 2699 *et seq.*, the "Labor Code Private Attorneys Generals Act" ("PAGA"), authorizes aggrieved employees to sue directly for various civil penalties under the California Labor Code.

9. On October 18, 2013, Plaintiff Macias timely provided notice to the California Labor and Workforce Development Agency ("LWDA") and to Defendant RECREATIONAL EQUIPMENT, INC., pursuant to California Labor Code section 2699.3.

**THE PARTIES**

10. Plaintiff ALISON MACIAS is a resident of Morgan Hill, California.

11. Plaintiff JUSTIN QUAN is a resident of Hillsborough, California.

12. Defendant RECREATIONAL EQUIPMENT, INC. doing business as "REI" was and is, upon information and belief, a Washington corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, and/or the various states of the United States of America.

13. Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10 but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

14. Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers or employees of RECREATIONAL EQUIPMENT, INC. at all relevant times.

15. Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, RECREATIONAL EQUIPMENT, INC. and/or DOES 1 through 10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants represent and were in accordance with the official policy of Defendants.

16. At all relevant times, Defendants, and each of them, ratified each and every act

or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

17. Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

**CLASS ACTION ALLEGATIONS**

18. Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus seek class certification under California Code of Civil Procedure section 382.

19. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

20. Plaintiffs' proposed class consists of and is defined as follows:

> All individuals who worked for Defendants in a California "REI" store in a non-exempt, hourly-paid position at any time during the period from four (4) years prior to the filing of this Complaint until the date of certification ("Class").

21. Plaintiffs' proposed subclass consists of and is defined as follows:

> All individuals who worked for Defendants in a California "REI" store in a non-exempt, hourly-paid position at any time during the period from one (1) year prior to the filing of this Complaint until the date of certification ("Subclass").

22. Members of the Class and Subclass will hereinafter be referred to as "class members."

23. Plaintiffs reserve the right to redefine the Class and Subclass and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

24. There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a) Whether Defendants required Plaintiffs and class members to work off-the-clock without payment;

(b) Whether Defendants required Plaintiffs and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiffs and class members;

(c) Whether Defendants failed to pay at least minimum wages for all hours worked by Plaintiffs and class members;

(d) Whether Defendants deprived Plaintiffs and class members of meal periods or required Plaintiffs and class members to work during meal periods without compensation;

(e) Whether Defendants deprived Plaintiffs and class members of rest periods or required Plaintiffs and class members to work during rest periods without compensation;

(f) Whether Defendants complied with wage reporting as required by California Labor Code section 226(a);

(g) Whether Defendants failed to pay overtime wages, minimum wages, and meal and rest period premiums due to Plaintiffs and class members upon their discharge;

(h) Whether Defendants reimbursed Plaintiffs and class members for costs and expenses they incurred related to their employment with Defendants;

(i) Whether Defendants paid Plaintiffs and class members all unused, vested vacation hours they accrued in compliance with California Labor Code section 227.3;

(j) Whether Defendants failed timely to pay overtime wages, minimum wages, and meal and rest period premiums to Plaintiffs and class members during their employment;

(k) Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(l) The appropriate amount of damages, restitution, civil or monetary penalties resulting from Defendants' violations of California law.

25. There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

(a) Numerosity: The class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b) Typicality: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all class members as demonstrated herein.

(c) Adequacy: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) Superiority: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate

lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e) Public Policy Considerations: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

## GENERAL ALLEGATIONS

26. Defendants operate one of the largest retail chains that specialize in outdoor clothing, equipment and supplies under the store name "REI." Defendants' retail stores are generally large stores, occupying two floors and featuring a large assortment of items from clothing and shoes to camping equipment, bicycles and other outdoor and recreational gear.

27. REI was formed when Pacific Northwest mountaineer Lloyd Anderson, along with his wife and 21 other fellow climbers, established an outdoor gear co-op in 1938.

28. Defendants now own and operate approximately 127 stores nationwide and generated nearly $2 billion in sales for the 2012 fiscal year.

29. Defendants employed Plaintiffs and other persons as non-exempt, hourly-paid employees throughout California.

30. Defendants employed Plaintiff Alison Macias as a non-exempt, hourly-paid Sales Specialist and Cashier from April 2010 to April 2013 at Defendants' Mountain View, California retail location.

31. Defendants employed Plaintiff Justin Quan as a non-exempt, hourly-paid Sales Specialist from September 2009 to December 2012 at Defendants' San Carlos, California

retail location.

32. Defendants continue to employ non-exempt, hourly-paid employees in various locations throughout California.

33. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

34. Plaintiffs are informed and believe, and thereon allege, that class members were not paid for all hours worked because all hours worked were not recorded.

35. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

36. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive at least minimum wages for compensation and that, in violation of the California Labor Code, they were not receiving at least minimum wages for work done off-the-clock.

37. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs and class members' regular rates of pay when they did not receive a timely uninterrupted meal period, and that they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs and class members' regular rates of pay when they did not receive a timely uninterrupted meal period.

38. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive all rest periods or payment of one (1) additional hour of pay at Plaintiffs and class members' regular rates of pay when a rest period was missed, and that they did not receive all rest periods or payment of one (1) additional hour of pay at Plaintiffs and class members' regular rates of pay when a rest

period was missed.

39. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive complete and accurate wage statements in accordance with California law. In violation of the California Labor Code, Plaintiffs and class members were not provided complete and accurate wage statements.

40. Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment and that they did not receive full reimbursement of applicable business-related expenses and costs they incurred.

41. Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs and class members were entitled to receive compensation upon termination of the employment relationship for vacation time accrued but unused during the course and scope of their employment and that they did not receive compensation of all earned and unused vacation.

42. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to timely payment of wages during their employment. In violation of the California Labor Code, Plaintiffs and class members did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within permissible time periods.

43. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to timely payment of wages upon termination of employment. In violation of the California Labor Code, Plaintiffs and class members did not receive payment of all unpaid wages, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within permissible time periods.

44. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiffs and class members, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and class members that they were properly denied wages, all in order to increase Defendants' profits.

45. At all times herein set forth, PAGA was applicable to Plaintiffs' employment by Defendants.

46. At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

47. Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

48. Plaintiff Macias was employed by Defendants and the alleged violations were committed against her during her time of employment and she is, therefore, an aggrieved employee. Plaintiffs and other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

49. Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiffs, may pursue a civil action arising under PAGA after the following requirements have been met:

(a) The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have

been violated, including the facts and theories to support the alleged violations.

(b) The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three (33) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

50. On October 18, 2013 Plaintiff Macias provided written notice by certified mail to the LWDA and RECREATIONAL EQUIPMENT, INC. of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code section 2699.3.

51. As of the filing date of this complaint, over 33 days have passed since Plaintiff Macias sent the LWDA Notice described above and the LWDA has not stated that it intends to investigate Plaintiff's claims. Thus, Plaintiff Macias has satisfied the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties and unpaid wages against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 210, 226(a), 226.7, 227.3, 510, 512(a), 1194, 1197, 1197.1, 1198, and 2802.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against all Defendants)**

52. Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

53. California Labor Code section 1198 makes it illegal to employ an employee

under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

54. California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

55. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

56. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and class members employed by Defendants, and working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.

57. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

58. During the relevant time period, Plaintiffs and class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

59. Defendants had a practice and/or policy of requiring all employees to undergo security bag checks before being allowed to leave the store premises. Pursuant to Defendants'

practice and/or policy, only manager level employees could perform the security bag checks. Pursuant to Defendants' practice and/or policy, Plaintiffs and class members had to clock out at their scheduled meal start time or end shift time and then wait off-the-clock for a manager-level employee to become available to perform the security bag check. For example, on closing shifts, Plaintiffs and class members were required to clock out of Defendants' timekeeping system and then meet at the front of the store to undergo a security bag check before being cleared to leave. At times, Plaintiffs and class members had to wait anywhere between five (5) to twenty (20) minutes for a manager to become available to perform the security bag check so they could leave. Defendants did not compensate Plaintiffs and class members for the time they spent undergoing Defendants' security bag checks

60. In addition, Defendants did not permit Plaintiffs and class members to record house worked outside of their scheduled shifts. When Plaintiffs and class members worked before and/or after their scheduled shifts they were not compensated for that time. As an example, on closing shifts, Plaintiff Macias and other class members were required to wait off-the-clock for the closing manager(s) to finish his or her duties before being permitted to leave the store.

61. In addition, Defendants had a practice and/or policy of understaffing their retail stores and failing to coordinate employee schedules such that Plaintiffs and class members were relieved of all duties and permitted to take compliant meal breaks. Due to Defendants' understaffing of their stores, there were not enough employees to handle the customer service and other demands of the stores, which resulted in a lack of break coverage.

62. Because Plaintiffs and class members sometimes worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay. Therefore, Plaintiffs and class members were not paid overtime wages for all of the overtime hours they worked.

63. Defendants' failure to pay Plaintiffs and class members the unpaid balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

64. Pursuant to California Labor Code section 1194, Plaintiffs and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages**

**(Against all Defendants)**

65. Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

66. At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

67. As set forth above, Defendants had a policy of requiring Plaintiffs and class members to undergo security bag checks before being allowed to leave the store premises. Pursuant to Defendants' policy, Plaintiffs and class members had to clock out at their scheduled end shift time and then wait off-the-clock for a manager-level employee to become available to perform the security bag check. Also, Defendants regularly required Plaintiffs and class members to work off-the-clock during meal periods and/or before and after their shifts, as they did not want Plaintiffs and class members working beyond their scheduled shifts, but still required Plaintiffs and class members to complete their duties and respond to customers' needs. To the extent that these off-the-clock hours did not qualify for overtime premium payments, Defendants did not pay minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1194, 1197 and 1197.1. In addition, Defendants did not pay Plaintiffs and class members at least minimum wages for all the hours they worked on a cumulative basis.

68. Defendants' failure to pay Plaintiffs and class members the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1. Pursuant to those sections, Plaintiffs and class members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney's fees.

69. Pursuant to California Labor Code section 1194.2, Plaintiffs and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**THIRD CAUSE OF ACTION**

**Violations of California Labor Code, §§ 226.7 and 512(a)**

**(Against all Defendants)**

70. Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

71. At all relevant times herein set forth, the applicable IWC Wage Order(s) and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs and the other class members' employment by Defendants and each of them.

72. At all relevant times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

73. At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

74. During the relevant time period, Plaintiffs and class members who were scheduled to work for a period of time no longer than six (6) hours and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

75. Pursuant to the applicable IWC Wage Order(s) and California Labor Code section 226.7(b), Plaintiffs and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

76. During the relevant time period, Defendants had a practice and/or policy of understaffing their retail stores and failing to coordinate employee schedules such that Plaintiffs and class members were relieved of all duties and permitted to take compliant meal periods. Defendants willfully required Plaintiffs and class members to skip meal periods, take meal periods after having worked over five (5) hours or interrupted their meal periods and failed to compensate Plaintiffs and class members for noncompliant meal periods. For example, as set forth above, Defendants required Plaintiffs and class members to work through some or all of their meal periods or interrupted their meal periods to have them help customers, restock shelves and ring up sales, among other things. Defendants then failed to pay all meal period premiums owed when compliant meal periods were not provided. As a result, Defendants failed to provide Plaintiffs and class members all compliant meal periods and failed to pay the full meal period premiums due in violation of California Labor Code sections 226.7 and 512.

77. Defendants' conduct violates applicable IWC Wage Order(s), and California Labor Code sections 226.7 and 512(a).

78. Accordingly, Defendants failed to pay Plaintiffs and class members the full meal period premiums due in violation of the applicable IWC Wage Order(s), and California Labor Code sections 226.7 and 512(a).

79. Pursuant to the applicable IWC Wage Order(s) and California Labor Code section 226.7(b), Plaintiffs and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code § 226.7**

**(Against all Defendants)**

80. Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

81. At all relevant times herein set forth, the applicable IWC Wage Order and

California Labor Code section 226.7 were applicable to Plaintiffs and class members' employment by Defendants.

82. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

83. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

84. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

85. During the relevant time period, Defendants required Plaintiffs and class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked. For example, as with meal periods, Defendants did not schedule sufficient employees to cover other employees such that they could take compliant rest breaks. Instead, Plaintiffs and class members simply had to work through some shifts without taking all rest periods. At the same time Defendants implemented a systematic, company-wide policy to not pay rest period premiums.

86. As a result, Defendants failed to pay Plaintiffs and class members the full rest period premiums in violation of California Labor Code section 226.7. Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code section 226.7.

87. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work

day that the rest period was not provided.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements

### (Against all Defendants)

88. Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

89. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates.

90. Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, failing to list the inclusive dates of the period for which the employee is paid, failing to include the name of the employee, failing to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, and failing to list the total hours worked as a result of failing to record and then state the hours they worked off-the-clock.

91. Below is an example of just one of Defendants' deficient and incomplete wage statements:

REI Recreational Equipment, Inc.
P.O. Box 1938
Sumner, WA 98390-0800

EMPLOYEE RECORD OF EARNINGS DEDUCTIONS
DETACH AND RETAIN FOR YOUR RECORDS

EMPLOYEE# 121203 RATE 12.7400 PAY PERIOD ENDED 4/06/2013 VOUCHER# 2254301
HOURS OT .05 REG 52.28 VAC 8.00

| EARNINGS | CURRENT | Y-T-D | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|
| REGULAR | 666.05 | 4,436.38 | SOCIAL SECURITY | 54.74 | 408.80 |
| OVERTIME | .96 | 136.23 | FEDERAL INC TAX | 75.17 | 549.65 |
| VACATION | 101.92 | 398.86 | STATE INC TAX | 9.00 | 71.94 |
| SICK PAY | | 175.56 | SUTA/SDI | 7.16 | 53.57 |
| HOLIDAY | | 101.92 | RETIREMENT PLAN | 15.38 | 105.03 |
| GRANTS & AWARDS | | 40.00 | PRE-TAX INS BEN | 53.39 | 427.12 |
| XCELS PAYMENT | | 492.42 | DIRECT DEP- NET | 554.09 | 4,166.87 |
| GROSS PAY | 768.93 | 5,783.36 | DED. TOTALS: | 768.93 | |

VACATION HOURS BALANCE 2.07 SICK HOURS BALANCE 17.79
YTD HRS PAID 409.98 TOTAL HRS WORKED 4,358.47 CURRENT RLAV 24.14

92. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and class members have suffered injury and damage to their statutorily protected rights.

93. Specifically, Plaintiffs and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a). In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiffs have been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment. Plaintiffs have had to file this lawsuit, conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiffs were paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiffs would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked. This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendants.

94. Plaintiffs and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon Termination**

**(Against all Defendants)**

95. Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

96. This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, and meal and rest period premium wages that were left unpaid upon

termination.

97. At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

98. During the relevant time period, Defendants willfully failed to pay Plaintiffs and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

99. Defendants' failure to pay those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

100. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced, but the wages shall not continue for more than thirty (30) days.

101. Plaintiffs and class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

**SEVENTH CAUSE OF ACTION**

**Violation of California Labor Code § 204 – Wages Not Timely Paid During Employment**

**(Against all Defendants)**

102. Plaintiffs incorporate by reference and re-allege as if fully stated herein each

and every allegation set forth above.

103. This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, and meal and rest period premium wages that were not timely paid during Plaintiffs' and class members' employment.

104. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

105. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

106. At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

107. During the relevant time period, Defendants willfully failed to pay Plaintiffs and class members all wages due to them including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within any time period specified by California Labor Code section 204.

108. Plaintiffs and the class members are entitled to recover all statutory penalties and remedies available for violations of California Labor Code section 204.

**EIGHTH CAUSE OF ACTION**

**Violation of California Labor Code § 2802 – Unreimbursed Business Expenses**

**(Against all Defendants)**

109. Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

110. At all times herein set forth, California Labor Code section 2802 provides that

an employer must reimburse employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties.

111. Plaintiff Quan and class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including and without limitation, costs and expenses for travel that resulted from their employment with Defendants. Specifically, Defendants had, and continue to have, a policy and practice of requiring employees, including Plaintiff Quan and class members, to travel to distant locations for mandatory training several times each year. Defendants had, and continue to have, a policy of not reimbursing employees, including Plaintiff Quan and class members, for said business-related travel expenses and costs.

112. Defendants have intentionally and willfully failed to fully reimburse Plaintiff and other class members for necessary business-related expenses and costs.

113. Plaintiffs and other class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest.

**NINTH CAUSE OF ACTION**

**Violation of California Labor Code § 227.3 – Unpaid Vested Vacation Wages**

**(Against all Defendants)**

114. Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

115. At all material times set forth herein, California Labor Code section 227.3 provides that whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

116. During the relevant time period, Defendants had a vacation policy that failed to pay Plaintiffs and formerly employed class members vested vacation wages that were owed to them at the end of their employment, in violation of California Labor Code section 227.3.

117. Defendants have intentionally and willfully failed to fully compensate Plaintiffs and class members for vested vacation time. Defendants' vacation accrual policy was to use a rolling average number of work hours (referred to as "RLAV") in each twenty-six (26) week period to determine the amount of vacation hours that Plaintiffs and class members would accrue. For example, if an employee had a rolling average of thirty-two (32) hours in a twenty-six (26) week period, the employee would accrue 4.93 hours of vacation but if the employee's rolling average of hours worked in a twenty-six (26) week period was less, then the employee would accrue less vacation hours.

118. As alleged herein, Defendants' practices and policies required that Plaintiffs and class members regularly work off-the-clock. However, Defendants failed to include work performed off-the-clock by Plaintiffs and class members when calculating the rolling average number of hours worked. As a result, Plaintiffs and class members assigned lower RLAVs and were thereby denied vacation hours they should have accrued.

119. Also, upon information and belief, and in violation of their own policy, Defendants surreptitiously used a lower rolling average of hours worked than those that were actually worked by Plaintiffs and class members in order to reduce the number of vacation hours that Plaintiffs and class members accrued. Therefore, by using an incorrect and lower rolling average of hours worked, Defendants denied Plaintiffs and class members vacation hours.

120. As a result of Defendants' violation of California Labor Code section 227.3, Plaintiffs and class members have suffered injury and damage to their statutorily protected rights.

**TENTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 2698, *et seq.***

**(Against all Defendants)**

121. Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

122. California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiffs to recover

civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section 2699.5.

123. PAGA provides as follows, "[n]otwithstanding any other provision of law, a Plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

124. Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

(a) Violations of Labor Code sections 510 and 1198 for Defendants' failure to compensate Plaintiffs and aggrieved employees with overtime wages for all hours worked in excess of eight in one day or forty in one week as stated herein;

(b) Violation of Labor Code sections 1194, 1197, and 1197.1 for Defendants' failure to compensate Plaintiffs and all aggrieved employees with at least minimum wages for all hours worked as stated herein;

(c) Violation of Labor Code sections 226.7 and 512(a) for Defendants' failure to provide Plaintiffs and other aggrieved employees with meal or rest periods or compensation in lieu thereof, as stated herein;

(d) Violation of Labor Code section 226(a) for failure to provide accurate wage statements to Plaintiffs and other aggrieved employees as stated herein;

(e) Violation of Labor Code sections 201, 202, and 203 for failure to pay all unpaid wages upon termination as stated herein;

(f) Violation of Labor Code section 204 for failure to pay all earned wages owed to Plaintiffs and other aggrieved employees during employment as stated herein;

(g) Violation of Labor Code section 2802 for failure to reimburse all necessary, business-related costs and expenses, as stated herein; and

(h) Violation of Labor Code section 227.3 for failure to compensate Plaintiffs and other aggrieved employees for accrued vacation upon termination of the employment relationship, as stated herein.

125. California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

126. California Labor Code section 210 provides: "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

127. Labor Code section 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor code section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

128. Defendants, at all times relevant to this complaint, were employers or persons acting on behalf of an employer(s) who violated Plaintiffs and other aggrieved employees'

rights by violating various sections of the California Labor Code as set forth above.

129. As set forth above, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable order of the IWC. Accordingly, Plaintiff Macias seeks the remedies set forth in Labor Code section 558 for herself, the State of California, and all other aggrieved employees.

130. Pursuant to PAGA, and in particular California Labor Code sections 2699(a), 2699.3, 2699.5 and 558, Plaintiff Macias, acting in the public interest as private attorneys general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 210, 226(a), 226.7, 227.3, 510, 512(a), 1194, 1197, 1197.1, 1198, and 2802.

**ELEVENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.***

**(Against all Defendants)**

131. Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

132. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, class members, and to the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

133. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq*

134. A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law. In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

(a) Requiring non-exempt employees, including Plaintiffs and class members, to work overtime without paying them proper

compensation in violation of California Labor Code sections 510 and 1198 and the applicable IWC Order;

(b) Failing to pay at least minimum wage to Plaintiffs and class members in violation of California Labor Code sections 1194, 1197 and 1197.1 and the applicable IWC Order;

(c) Failing to provide uninterrupted meal and rest periods or to pay premium wages for missed meal and rest periods to Plaintiffs and class members in violation of California Labor Code sections 226.7 and 512 and the applicable IWC Order;

(d) Failing to provide Plaintiffs and class members with accurate wage statements in violation of California Labor Code section 226(a) and the applicable IWC Order;

(e) Failing timely to pay all earned wages to Plaintiffs and class members in violation of California Labor Code section 204 and the applicable IWC Order;

(f) Failing to reimburse business expenses and costs incurred in violation of California Labor Code sections 2802 and the applicable IWC wage order, and

(g) Failing to compensate Plaintiffs and other class members for accrued vested vacation wages upon termination of the employment relationship in violation of California Labor Code section 227.3 and the applicable IWC Order.

135. Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiffs and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

**REQUEST FOR JURY TRIAL**

Plaintiffs request a trial by jury.

**PRAYER FOR RELIEF**

Plaintiffs, on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1. For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000) and less than five million dollars ($5,000,000). Plaintiffs reserve the right to amend their prayer for relief to seek a different amount.

**Class Certification**

2. That this case be certified as a class action;

3. That Plaintiffs be appointed as the representative of the Class and Subclass;

4. That counsel for Plaintiffs be appointed as class counsel.

**As to the First Cause of Action**

5. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to

Plaintiffs and class members;

11. For general unpaid wages and such general and special damages as may be appropriate;

12. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14. For liquidated damages pursuant to California Labor Code section 1194.2; and

15. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

16. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512(a) and applicable IWC Wage Order(s) by willfully failing to provide all meal periods to Plaintiffs and class members;

17. That the Court make an award to the Plaintiffs and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

18. For all actual, consequential, and incidental losses and damages, according to proof;

19. For premiums pursuant to California Labor Code section 226.7(b);

20. For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due; and

21. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fourth Cause of Action**

22. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and class members;

23. That the Court make an award to the Plaintiffs and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

24. For all actual, consequential, and incidental losses and damages, according to proof;

25. For premiums pursuant to California Labor Code section 226.7(b);

26. For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due; and

27. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fifth Cause of Action**

28. That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and class members, and willfully failed to provide accurate itemized wage statements thereto;

29. For all actual, consequential and incidental losses and damages, according to proof;

30. For injunctive relief pursuant to California Labor Code section 226(h);

31. For statutory penalties pursuant to California Labor Code section 226(e); and

32. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Sixth Cause of Action**

33. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202 and 203 by willfully failing to pay overtime wages, minimum wages, and meal and rest period premiums owed at the time of termination of the employment of Plaintiffs and other terminated class members;

34. For all actual, consequential and incidental losses and damages, according to proof;

35. For waiting time penalties according to proof pursuant to California Labor Code section 203 for all employees who have left Defendants' employ;

36. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

37. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Seventh Cause of Action**

38. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay overtime wages, minimum wages, and meal and rest period premiums owed to Plaintiffs and class members during their employment;

39. For all actual, consequential and incidental losses and damages, according to proof;

40. For statutory penalties pursuant to California Labor Code § 204 for Plaintiffs and all other class members;

41. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

42. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Eighth Cause of Action**

43. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-related expenses and costs incurred by Plaintiff Quan and class members;

44. For unpaid business-related expenses and such general and special damages as may be appropriate;

45. For pre-judgment interest on any unpaid business-related expenses from the date such amounts were due;

46. For all actual, consequential and incidental losses and damages, according to proof; and

47. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Ninth Cause of Action**

48. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 227.3 by willfully failing to pay Plaintiffs and formerly employed class members all accrued vested vacation wages upon termination;

49. For unpaid accrued vested vacation wages and such general and special damages as may be appropriate;

50. For pre-judgment interest on any unpaid accrued vested vacation wages from the date such amounts were due;

51. For all actual, consequential and incidental losses and damages, according to proof; and

52. For such other and further relief as the Court may deem equitable and appropriate

**As to the Tenth Cause of Action**

53. That the Court declare, adjudge and decree that Defendants violated the following California Labor Code sections as to Plaintiffs and aggrieved employees: 510 and 1198 (by failing to pay all overtime wages), 1194, 1197, and 1197.1 (by failing to pay at least minimum wages for all hours worked); 226.7 and 512(a) (by failing to provide meal or rest periods or compensation in lieu thereof); 226(a) (by failing to provide accurate wage statements); 201, 202, 203 (by failing timely to pay all unpaid wages upon termination), and 204 (by failing timely to pay all earned wages during employment), 227.3 (for failing to pay accrued, vested vacation wages upon termination), and 2802 (for failing to reimburse necessary business-related costs and expenses);

54. For civil penalties and unpaid wages pursuant to California Labor Code sections 2699(a) and/or 2699(f) and (g) and 558, plus costs and attorneys' fees, for violations of California Labor Code sections 201, 202, 203, 204, 210, 226(a), 226.7, 227.3, 510, 512(a), 1194, 1197, 1197.1, 1198, and 2802; and

55. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Eleventh Cause of Action**

56. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiffs and class members all overtime wages due to them, failing to provide Plaintiffs and class members all minimum wages due to them, failing to provide all meal and rest periods, failing to provide accurate wage statements, failing to timely pay all earned wages during employment, failing to pay vested, unused vacation wages upon termination, and failing to reimburse necessary business expenses and costs;

57. For restitution of unpaid wages to Plaintiffs and all class members and prejudgment interest from the day such amounts were due and payable;

58. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

59. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

60. For such other and further relief as the Court may deem equitable and appropriate.

Dated: December 12, 2013

Respectfully submitted,

Capstone Law APC

By: 

Matthew T. Theriault
Robert Friedl
Katherine Kehr
Jonathan Lee

Attorneys for Plaintiffs Alison Macias and Justin Quan