# EXHIBIT B

```
Mia Farber (State Bar No. 131467)
David T. Wang (State Bar No. 275015)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: FarberM@jacksonlewis.com
E-mail: david.wang@jacksonlewis.com

Attorneys for Defendant
RECREATIONAL EQUIPMENT, INC.
```



ENDORSED FILED
2014 JAN 15 P 1: 10

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By:_____ Deputy Clerk



## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SANTA CLARA

| | |
|---|---|
| ALISON MACIAS, JUSTIN QUAN, individually as aggrieved employees and private attorneys general, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RECREATIONAL EQUIPMENT, INC., a Washington corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 113 CV 256526<br><br>CLASS ACTION<br><br>**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>Complaint Filed: 11/21/2013<br>Trial Date: None set |

Defendant RECREATIONAL EQUIPMENT, INC. ("Defendant") hereby answers the First Amended Complaint ("Complaint") filed by Plaintiffs ALISON MACIAS and JUSTIN QUAN ("Plaintiffs") on behalf of other similarly situated persons, as follows:

### GENERAL DENIAL

Under Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation of the Complaint and further specifically denies that Plaintiffs have suffered any injury or damages of any kind attributable in any way to any act or omission of Defendant.

### AFFIRMATIVE DEFENSES

By way of affirmative defenses to the allegations of the Complaint herein, Defendant alleges as follows:

---
1
ANSWER TO FIRST AMENDED COMPLAINT                    Case No. 113 CV 256526

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Defendant for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

2. The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations, including without limitation Code of Civil Procedure sections 338, 340, and Business and Professions Code section 17200, *et seq.*, to the extent Plaintiffs seek recovery in excess of the time limitations set forth in these statutes.

### THIRD AFFIRMATIVE DEFENSE
(Voluntary Waiver of Meal and Rest Breaks)

3. Plaintiffs' Complaint is barred to the extent Defendant provided required meal and rest breaks in compliance with all California requirements and Plaintiffs or putative class members voluntarily waived their right to take the meal or rest breaks as provided.

### FOURTH AFFIRMATIVE DEFENSE
(No Willful Conduct)

4. To the extent Plaintiffs seeks statutory penalties for alleged willful failure to comply with the requirements of the Labor Code, such penalties are barred or must be reduced because Defendant did not willfully violate the requirements of Labor Code sections 201, 202 and 203, or any other applicable Labor Code section, and a good faith dispute exists concerning such alleged violations.

### FIFTH AFFIRMATIVE DEFENSE
(Failure to Exercise Reasonable Diligence)

5. Plaintiffs and putative class members are barred from recovering any damages for lost wages or any recovery for lost wages must be reduced, if and to the extent that Plaintiffs and/or putative class members failed to exhaust internal remedies to receive alleged unpaid wages or to otherwise exercise reasonable diligence to mitigate their alleged damages, if any.

### SIXTH AFFIRMATIVE DEFENSE
(Unconstitutional Penalties)

6. Plaintiffs and the members of the putative class are barred from recovering the penalties alleged in this case because they are excessive and violate the Fifth, Eighth and Fourteenth amendments to the United States Constitution and Article I and other provisions of the California Constitution.

### SEVENTH AFFIRMATIVE DEFENSE
(No Class Action or Representative Action)

7. Defendant alleges that Plaintiffs have failed to allege and cannot prove the facts and prerequisites necessary to maintain either a class or representative action, including but not limited to numerosity, commonality, superiority of class-based resolution, typicality, and adequacy of class representatives and class counsel.

### EIGHTH AFFIRMATIVE DEFENSE
(Failure to Notify)

8. Plaintiffs' claims are barred to the extent Plaintiffs failed to place Defendant on notice of the alleged violations or Defendant lacked knowledge of the alleged violations.

### NINTH AFFIRMATIVE DEFENSE
(Failure to Exhaust Administrative Requirements)

9. The Complaint is barred in whole or in part because Plaintiffs failed to exhaust administrative remedies under California Labor Code Sections 98-98.2 and the Private Attorney General Act ("PAGA"), California Labor Code sections 2698, *et seq.*

### TENTH AFFIRMATIVE DEFENSE
(Laches, Estoppel, Waiver, Unclean hands)

10. Defendant is informed and believes, and thereon alleges, that Plaintiffs' Complaint is barred by the doctrine of laches, estoppel, waiver, and unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE
(Equitable or Injunctive Relief)

11. Plaintiffs are not entitled to any equitable or injunctive relief as prayed for in the Complaint because Plaintiffs have suffered no irreparable injury based on any alleged conduct of Defendant, and Plaintiffs have an adequate remedy at law for any such conduct.

### TWELFTH AFFIRMATIVE DEFENSE
(Wage Statements)

12. Defendant alleges that, even assuming *arguendo* Plaintiffs and/or putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiffs and the putative class members are not entitled to recover damages because Defendant's alleged failure to comply with California Labor Code Section 226(a) was not a "knowing and intentional failure" under California Labor Code Section 226(e).

### THIRTEENTH AFFIRMATIVE DEFENSE
(No Injury)

13. Defendant alleges that, even assuming *arguendo* Plaintiffs and/or putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiffs and the putative class members are not entitled to recover damages because they did not suffer any injury.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Offset)

14. Plaintiffs and putative class members are barred from recovering any damages for lost wages, or any recovery for lost wages must be offset or reduced, if and to the extent Defendant already compensated them fully or in excess of what was required by law, or Defendant is entitled to a set-off for amounts Plaintiffs or putative class members owe Defendant for receipt of wages or other benefits to which they were not entitled or did not earn.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Good Faith)

15. Plaintiffs' Complaint as a whole and each purported cause of action therein, is barred because Defendant's acts were done in good faith for legitimate business reasons.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Labor Code § 2856)

16. Defendant is informed and believes, and thereon alleges, that any recovery on Plaintiffs' Complaint, or on each purported cause of action alleged therein, is barred by California Labor Code Sections 2854 and 2856 in that Plaintiffs failed to use ordinary care and diligence in

the performance of his duties and failed to comply substantially with the reasonable directions of Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Mitigation of Damages)

17. Plaintiffs and putative class members are barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, if and to the extent that Plaintiffs and/or putative class members failed to exhaust internal remedies to receive alleged unpaid wages or to otherwise exercise reasonable diligence to mitigate their alleged damages, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Avoidable Consequences)

18. The Complaint, and each cause of action contained therein, is barred by the doctrine of avoidable consequences, to the extent Plaintiffs could have corrected errors in wage payment by reporting them so that Defendant could correct them promptly, and Plaintiffs failed to do so.

### NINETEENTH AFFIRMATIVE DEFENSE
(De Minimis)

19. To the extent Plaintiffs were under the control of Defendant while off-the-clock, which Defendant expressly denies, such time was *de minimis* and is not compensable.

### TWENTIETH AFFIRMATIVE DEFENSE
(Failure to Satisfy PAGA Requirements)

20. Defendant is informed and believes, and thereon alleges, that Plaintiffs' Tenth Cause of Action for violation of the PAGA statute is barred insofar as Plaintiffs failed to satisfy PAGA's administrative prerequisites.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(No Unlawful Business Practices)

21. Plaintiffs' Eleventh Cause of Action is barred, in whole or in part, because Defendant's business practices are and were not "unlawful" in that Defendant complied with all applicable statutes and regulations in the payment of wages to Plaintiffs and putative class members.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Reimbursement of Expenses)

22. Defendant is informed and believes that reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiffs' claim under California Labor Code section 2802 is barred, in whole or in part, because at all relevant times Defendant reimbursed its employees for the costs of expenses incurred in the discharge of their duties and/or did not otherwise require them to bear such costs.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(No Expenditures or Losses)

23. Defendant is informed and believes that reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiffs and each alleged putative class member, or any combination of them, did not incur "expenditures and losses" as defined under California Labor Code Section 2802, and any award of such expenditures or losses would unjustly enrich Plaintiffs and the putative class members.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(No Injury Under Labor Code § 227.3)

24. Defendant is informed and believes that reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiffs and each alleged putative class member, or any combination of them, are not entitled to recover damages or penalties under Labor Code section 227.3 because Defendant's alleged failure to comply with California Labor Code section 227.3 did not result in an injury to Plaintiffs or putative class members.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Vacation Hour Accruals)

25. Any recovery on Plaintiffs' claim under Labor Code § 227.3 for alleged unpaid vacation wages is barred because all vacation hour accruals were calculated according to and consistent with Defendant's policy in effect during the relevant time period.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
(Attorneys Fees)

26. Plaintiffs' Complaint, and each purported cause of action alleged therein, fails to state a cause or causes of action for attorneys' fees against Defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(No Unfair Business Practices)

27. Without admitting the allegations of the Complaint, Defendant alleges Plaintiffs' Eleventh Cause of Action is barred because the alleged practices are not unfair, the public is not likely to be deceived by such practices, Defendant gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
(Immunity)

28. To the extent Plaintiffs assert any causes of action against individual officers or Board members of Defendant, Plaintiffs and putative class members are barred from recovering any damages because all discretionary decisions (or failure to make discretionary decisions) were made by Defendant's officers and Board members in their official capacity as officer or director and all decisions (or failure to make discretionary decisions) did not constitute gross negligence.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
(Reservation of Rights)

29. Because Plaintiffs' Complaint is couched in broad and conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

### PRAYER

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by their Complaint;
2. That the Complaint and each claim be dismissed in its entirety with prejudice;
3. That Plaintiffs be denied each and every demand and prayer for relief contained in the Complaint;
4. For costs of suit incurred herein, including reasonable attorneys' fees; and
5. For such other and further relief as the Court deems just and equitable.

1  Dated: January 15, 2014

JACKSON LEWIS P.C.

By: _____

Mia Farber
David T. Wang
Attorneys for Defendant
RECREATIONAL EQUIPMENT, INC.

4834-5191-9895, v. 4

ANSWER TO FIRST AMENDED COMPLAINT

8

Case No. 113 CV 256526

## PROOF OF SERVICE

I, Lauretta Adams, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over the age of eighteen (18) years and am not a party to this action.

On January 15, 2014, I served the attached **ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES** in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Matthew T. Theriault (SBN 244037)<br>Robert Friedl (SBN 134947)<br>Katherine Kehr (SBN 226559)<br>Jonathan Lee (SBN 267146)<br>Capstone Law APC<br>1840 Century Park East Suite 450<br>Los Angeles, CA 90067<br>Tel: (310) 556 4811<br>Fax: (310) 943 0396<br>Matthew.theriault@capstonelawyers.com<br>Robert.friedl@capstonelawyers.com<br>Katherine.kehr@capstonelawyers.com<br>Jonathan.lee@capstonelawyers.com | Attorneys for Plaintiffs<br><br>ALISON MACIAS and JUSTIN QUAN |

☒ **BY MAIL**: United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California. [( ) *Courtesy copy by [fax] [e-mail]*.]

☐ BY HAND DELIVERY: I caused such envelope to be delivered by hand to the above address.

☐ BY OVERNIGHT DELIVERY: I caused such envelope to be delivered to the above address within 24 hours by overnight delivery service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 15, 2014, at San Francisco, California.

_Lauretta Adams_
Lauretta Adams

4836-2067-5351, v., 1

PROOF OF SERVICE                                             Case No. 113 CV 256526